IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.                              Criminal No. 13-50002-002

ALFONSO MORALES                                              DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 11, 2018, the Defendant/Movant Alfonso Morales (hereinafter "the Defendant") filed a pro se **28 U.S.C. § 2255 motion (Doc. 163)**. The Government filed a Response on October 12, 2018 (Doc. 166) and the Defendant filed a Reply on December 3, 2018 (Doc. 169). The undersigned does not believe that an evidentiary hearing is warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. 28 U.S.C. § 2255(b); see Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends that Defendant's § 2255 motion be **DENIED** and **DISMISSED WITH PREJUDICE AS UNTIMELY**.

### BACKGROUND

On March 6, 2013, an Indictment was filed charging the Defendant with one count of conspiracy to distribute methamphetamine and two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. (Doc. 43). The Defendant retained Mr. Greg Klebanoff and was represented by him throughout all the trial-court level proceedings. On April 9, 2013, the Defendant appeared before United States District Court Judge Jimm Larry Hendren and pleaded guilty, pursuant to a written plea agreement, to one count of distributing methamphetamine. (Doc. 64). On September 6, 2013, a judgment was entered by Judge Hendren

sentencing the Defendant to 144 months imprisonment, three years supervised release, and a $25,000 fine. (Doc. 105). The two counts to which the Defendant did not plead guilty were dismissed on the Government's motion at sentencing.

The sentencing minute sheet reflects that Judge Hendren advised the Defendant of his right to appeal and of his right to apply for leave to appeal in forma pauperis ("IFP"). (Doc. 82). No notice of appeal was ever filed by the Defendant. On December 4, 2013, approximately three months after the Defendant was sentenced, he filed a pro se motion stating that he was "in the process of appealing his sentence" and requesting IFP status for purposes of obtaining transcripts of his plea and sentencing hearings. (Doc. 120). On January 8, 2014, Judge Hendren entered an order denying Defendant's motion, stating that the pro se motion would not be considered as the Defendant was represented by retained counsel, Mr. Klebanoff. On October 29, 2015, United States District Judge Timothy L. Brooks entered an order reducing the Defendant's term of imprisonment to 130 months imprisonment based on Amendment 782 to the United States Sentencing Guidelines, which reduced the drug quantity base offense levels by two levels. (Docs. 152-154).

On September 11, 2018, approximately five years after the judgment was entered against the Defendant, Defendant filed the pro se § 2255 motion currently before the Court. Defendant asserts that his counsel, Mr. Klebanoff, was ineffective in failing to file an appeal challenging the $25,000 fine and an enhancement he received for possession of a firearm. Defendant contends that when he instructed counsel to file an appeal, counsel "lied" to him and advised him that he had "waived his right to appeal as per plea agreement." (Doc. 163 at pg. 6). The Government responds that Defendant's § 2255 motion is subject to dismissal as it was not timely filed. (Doc. 169). In his Reply, the Defendant argues that the statute of limitations should be tolled based on

counsel's misadvising him that he "did not have any rights to an appeal." Defendant appears to contend that he filed his § 2255 motion after the issuance of a 2014 directive from the Attorney General "order[ing] all U.S. Attorneys Offices not to include waiver of appeal as to inadequate representation of counsel [claims]." (Doc. 163 at pgs. 20, 26).

## DISCUSSION

Before addressing whether the Defendant's § 2255 motion was timely filed, the undersigned first notes that the written plea agreement signed by the Defendant did not contain an appeal waiver. Further, the plea agreement specifically stated that by signing the agreement, the Defendant acknowledged that he had read it or had it read to him, that he fully understood the agreement, and that "[n]o promises, agreements, understandings, or conditions have been made or entered into . . . except those set forth in this plea agreement." (Doc. 13 ¶ 28). Further, Judge Hendren specifically advised the Defendant of his right to appeal at sentencing (Doc. 82) and the Defendant acknowledges this fact in his § 2255 motion. (Doc. 163 at pg. 26). Thus, while the Defendant contends that his counsel lied to him about waiving his appeal rights, the record indicates that the Defendant was nevertheless aware of his appeal rights, as there was no waiver provision in the plea agreement he signed, the plea agreement stated that it was not subject to any conditions not contained in the agreement, and Judge Hendren specifically advised the Defendant of his appeal rights. It cannot be disputed that the Defendant knew he had the right to appeal, despite counsel's misadvice, at least as early as December 4, 2013, as the Defendant filed a pro se motion seeking copies of his plea and sentencing transcripts, stating that he was "in the process of appealing his sentence." (Doc. 120).

Turning to the timeliness of Defendant's § 2255 motion, a one-year period of limitation applies to § 2255 motions. See 28 U.S.C. § 2255(f). As relevant to the instant case, that period

began to run: under § 2255(f)(1), from "the date on which the judgment of conviction [became] final," or under § 2255(f)(4), "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Defendant's judgment was entered on September 6, 2013, and his conviction became final 14 days thereafter, on or about September 20, 2013, which was when the period for filing a direct appeal expired.  See Fed. R. App. P. 4(b)(1)(A); Fletcher v. United States, 858 F.3d 501, 504 (8th Cir. 2017), cert. denied, 138 S. Ct. 979 (2018).  Thus, under § 2255(f)(1), the Defendant had one year from this date – until on or about September 22, 2014 – to file his § 2255 motion.  The Defendant did not meet this deadline, as his motion was not filed until nearly four years past this deadline, on September 11, 2018.

To be entitled to invoke the statute of limitations contained in § 2255(f)(4), the Defendant "must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact."  Deroo v. United States, 709 F.3d 1242, 1245 (8th Cir. 2013).  The undersigned assumes that the "new fact" the Defendant is asserting is his discovery of his right to appeal after counsel's alleged misadvice.  As stated above, however, it appears that the Defendant was aware of his right to appeal at least as early as December 4, 2013, when he filed the pro se motion for transcripts stating he was in the process of appealing.  While any appeal at that time would have been untimely, it appears that the Defendant was at least aware at that juncture of counsel's misadvice regarding the waiver of his appeal rights.  The Defendant does not explain why he waited so many years before filing a § 2255 motion based on counsel's alleged misadvice and failure to file an appeal.

The Defendant appears to contend that he filed his § 2255 motion after the issuance of a 2014 directive from the Attorney General prohibiting plea agreements from containing waivers of

ineffective assistance of counsel. The Attorney General's directive did not establish any new facts or rights that would allow the Defendant to benefit from § 2255(f)(4). See Middlemass v. United States, No. 14-CV-729, 2016 WL 1222211, * 5 (D. Conn. Mar. 26, 2016); Watkins v. United States, Nos. 3:14-CV-138, 3:10CR-77, 2015 WL 4496298, *5 (N.D. W.V. July 22, 2015). Even if the undersigned were to assume that the Attorney General's directive was a qualifying "new fact" under § 2255 (f)(4), the Defendant does not explain why he waited from 2014 to 2018 to file his § 2255 motion based on counsel's ineffectiveness. Thus, the Defendant did not act with diligence. Based on the foregoing, Defendant's § 2255 motion cannot be considered timely filed under § 2255(f)(4).

The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but only where the movant can establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Deroo, 709 F.3d at 1246. Equitable tolling is an "exceedingly narrow window of relief." Id. Just as the Defendant failed to show diligence under § 2255(f)(4), he fails to establish that he was pursuing his rights diligently under the first element of equitable tolling.

The undersigned notes that an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling a Defendant to § 2255 relief, and no inquiry into prejudice or likely success of appeal is necessary. See Carnnahan v. United States, 778 F. App'x. 404, 405 (8th Cir. 2019). Thus, had the Defendant timely filed a § 2255 motion and established, as he contends, that he instructed counsel to file an appeal, but counsel failed to do so and misadvised him that he had waived his appeal rights, the Defendant would have been entitled to § 2255 relief in the form of a belated appeal. As discussed above, however, Defendant's § 2255 motion was clearly untimely – filed approximately four years past

the limitations period -- and counsel's alleged misadvice and inaction on direct appeal in no way caused the four-year delay on Defendant's part.

## CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Defendant's **§ 2255 motion (Docs. 163)** be **DENIED AND DISMISSED WITH PREJUDICE** as untimely.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 22nd day of November, 2019.

/s/ Erin L. Wiedemann
HON. ERIN L. WIEDEMANN
CHIEF UNITED STATES MAGISTRATE JUDGE